Hill *v.* Staples.

<hr />

ISAAC A. HILL *v.* WM. STAPLES.

STAY OF EXECUTION.   When a stay is entered by consent of plaintiff after the time within which the privilege is granted by statute to stay the issuance of execution has expired, it operates to prevent the issuance of execution on the judgment for eight months from the *time the stay was entered*, and not eight months from the rendition of the judgment.

FROM ROANE.

Appeal in error from the Circuit Court of Roane county.   E. T. HALL, J.

W. B. STALEY for Hill.

No counsel of record for Staples.

DEADERICK, C. J., delivered the opinion of the court.

Staples recovered a judgment against Johnson, Hawkins and Young before a justice of the peace of Roane county.   Execution thereon was issued against the above named parties and Hill as stayor, and Hill

filed his petition for writs of *certiorari* and *supersedeas*, which, on motion in the circuit court, was dismissed, and he has appealed in error to this court. The petition alleges that the judgment was rendered on the 20th of August, 1875, and that in the following spring he stayed it, and on the 7th of August, 1876, an execution was issued, upon which $10 was made out of Young's property, and on the 12th of September, 1876, an alias execution was issued and levied upon petitioner's property on the 10th of October, 1876. It then alleges that Young, who is first liable, had sufficient property to pay the debt, and petitioner insists, if liable at all, he is not liable until after the property of Johnson, Hawkins and Young is exhausted. He further insists that the execution was issued before the expiration of eight months from the time he became stayor, and prays that said execution so levied on his property be suspended.

The first ground upon which petitioner relies, that the property of those liable before him as between themselves, should be first exhausted, we have several times held, does not entitle him to the relief he seeks. Under our statutes it is provided that defendants are entitled to a stay of execution for eight months on all judgments before a justice of the peace on giving good security for debt, interest and costs within two days after the rendition of the judgment. Code, sec. 3059. A subsequent act provides that the security for the stay may, with the consent of the plaintiff, be received and entered by the justice at any time before the debt is paid. Sec. 3060.

Hill *v.* Staples.

This last act, it seems, was construed to apply only to cases in which no stay had been previously entered. 10 Hum., 272; 1 Head, 282. Such are the facts in this case. Taking the two sections together, we are of opinion that when stay is entered by consent of plaintiff after the time within which the privilege is granted by statute to stay the issuance of execution has expired, that it operates to prevent the issuance of execution on the judgment for eight months from the time such stay was entered, and not eight months from the rendition of the judgment.

The section last cited provides that security for the stay may, with the consent of plaintiff, be received at any time before the debt is paid, whether it be six, ten or twelve months, or more, after the date of judgment. The stay here referred to is the stay of execution authorized by the section first cited, and for the period of eight months. So, if the plaintiff consented thereto, the stay which the petitioner says was entered into in the spring of 1876 entitled all the defendants to said judgment to have the issuance of execution stayed for eight months after it was entered, and the petition alleges distinctly that the execution was issued within eight months after the execution was stayed by him.

The petitioner, however, does not allege that he became stayor with the consent of the plaintiff, and if it were an open question we would be inclined to hold that this was necessary. But the court has held, in construing the act of 1841-2, Code, sec. 3060, that when the stay has been entered after two days from

18—VOL. 3.

the rendition of the judgment, the consent of the plaintiff, in the absence of proof to the contrary, will be presumed.    10 Hum., 274; see also 3 Head, 627. Upon a motion to dismiss a petition, its averments must be taken as true.    It appears, then, from the face of the petition, that an execution has been issued and levied upon petitioner's property within less than eight months after he became stayor on said judgment with the assent of plaintiff, and this being so, he has the right to protect himself against this unauthorized process and levy to have said execution suspended.

The judgment of the circuit court dismissing the petition on motion was erroneous, and must be reversed, and the cause remanded for further proceedings.